IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRACE JONAS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-2698 |
| | : | |
| CENTER STAGE COMEDY L.P. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **September 24, 2026**

Plaintiffs Grace Jonas, Joseph Meyer, Jake Pavlow, and Eric Schalk bring this putative class action against Defendant Center Stage Comedy L.P. seeking to recover damages for Defendant's use of "drip pricing," a practice Plaintiffs allege is unfair and deceptive. Plaintiffs assert claims for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), the Missouri Merchandising Practices Act (MPA), and the Indianna Deceptive Consumer Sales Act (DCSA), and they bring a claim for unjust enrichment. Center Stage Comedy moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and under Rule 12(b)(6) for failure to state a claim. Plaintiffs oppose the motion. Because the Court finds Plaintiffs have standing to bring these claims and have sufficiently pled their UTPCPL and DCSA claims at this stage in the litigation, the motion will be denied as to Counts One and Three. However, because the Complaint does not allege a reasonable consumer would be misled by Center Stage Comedy's pricing strategy, the motion will be granted as to Count Two, which will be dismissed without prejudice. Because the Plaintiffs have an express contract with Center Stage Comedy, which prevents them from recovering under a theory of unjust enrichment, the motion will be granted as to Count Four.

**BACKGROUND**

When evaluating a Rule 12(b)(6) motion, the court must assume the truth of all well-pleaded factual allegations, construe the facts and the reasonable inferences therefrom "in a light

most favorable to the [plaintiff,]" and "determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Labs., LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 679). Therefore, for the purposes of this motion, the Court accepts all factual allegations stated in the Complaint.

"Drip pricing" is the practice of listing one price for a good or service up front and then adding hidden fees to the total price right before the consumer completes the transaction. Compl. ¶ 4, ECF No. 1. This kind of "bait-and-switch" lures in consumers with the promise of a low price that was never available. *Id.* ¶ 19. By the time the additional fees are disclosed, several psychological mechanisms make it difficult for consumers to abandon the purchase *Id.* ¶¶ 22-24. Further, drip pricing harms consumers by making it more difficult to compare prices and leading them to overspend. *Id.* ¶¶ 27, 28.

Center Stage Comedy, doing business as Helium Comedy Clubs ("Helium"), used drip pricing until recently. *Id.* ¶ 7. Helium charged consumers a "service charge," which was disclosed after consumers selected their tickets. *Id.* ¶¶ 50, 51. The fee was not disclosed on the event page or in the consumer's shopping cart, but only when the consumer clicked "proceed to checkout" was the service charge added to the ticket's base price. *Id.* ¶¶ 57, 58, 62, 66. Plaintiffs allege they were misled and unlawfully advertised a lower fee by Center Stage Comedy, acting at the time as Helium. *Id.* ¶¶ 7, 8.

Plaintiffs bring this case on behalf of themselves and a class of similarly situated persons who purchased tickets from Center Stage Comedy, acting as Helium, that were advertised at a price that did not include service charges. Plaintiff Jonas purchased a ticket from Center Stage Comedy for a show in Philadelphia; she was charged an $8.99 "service charge" that was not initially disclosed. *Id.* ¶¶ 68, 71. Jonas relied on the initially listed $89 price for the tickets, which she believed included all mandatory fees, when comparing the ticket price to other available

offerings. *Id.* ¶¶ 73, 74. Similarly, Plaintiff Pavlow purchased two tickets which were initially advertised at a price of $44 for a show in Philadelphia. *Id.* ¶ 86. However, this did not include a service charge of $5.99 per ticket. *Id.* ¶ 87. Pavlow relied on the advertised price of $44 when comparing other available entertainment offerings. *Id.* ¶ 90.

Plaintiff Meyer purchased tickets from his home in Missouri for a show in St. Louis. *Id.* ¶ 76. The tickets were initially advertised as $72 for three, but this did not include the mandatory service charge of $5.99 per ticket. *Id.* ¶¶ 78, 79. Additionally, Plaintiff Schalk purchased a ticket for a comedy show in Indianapolis from Center Stage Comedy's website which advertised a ticket price of $26 but did not include a mandatory $5.99 service charge. *Id.* ¶¶ 92, 94, 95. Meyer and Schalk relied on the advertised price when comparing other available entertainment offerings. *Id.* ¶¶ 82, 98.

The Complaint alleges that "all four Plaintiffs were induced to pay Helium's junk 'service charge' by Helium's carefully engineered drip pricing scheme that lured them with one listed price and required them to invest significant time and effort finalizing their purchase decisions before springing the junk fee on them at a point in the process at which Helium anticipated Plaintiffs would be highly unlikely to abandon the transaction." *Id.* ¶ 100.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) permits two types of jurisdictional challenges: facial attacks and factual attacks. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). A facial attack "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court," whereas a factual attack contests the truth of the jurisdictional allegations. *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (internal citation omitted). Where, as here, a defendant brings a facial attack, a court must accept the complaint's well-pleaded allegations as true and review the allegations in light most

favorable to the plaintiff. *Manivannan v. U.S. Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022). To survive a Rule 12(b)(1) motion, the plaintiff must establish that jurisdiction exists. *Potter v. Cozen & O'Connor*, 46 F.4th 148, 155 (3d Cir. 2022).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

Center Stage Comedy first argues the Complaint should be dismissed in its entirety for lack of standing because Plaintiffs have not alleged they suffered an "injury-in-fact." Second, Center Stage Comedy argues Plaintiffs have failed to allege multiple elements of their various state-law claims. Because the Plaintiffs have adequately pled they have suffered a concrete injury-in-fact and have adequately pled the elements of their state law claims under the UTPCPL and DSCA, the Court will deny the motion as to Counts One and Three.

**12(b)(1) STANDING**

Center Stage Comedy first moves to dismiss Plaintiffs' claims for lack of standing. Plaintiffs assert they have suffered an informational injury that caused them to be "cheated out of money by Center Stage's deceptive, unfair, and therefore unlawful drip pricing practices." Resp. Opp'n Mot. Dismiss 3, ECF No. 16. The Court finds Plaintiffs have suffered an injury.

To establish standing, Plaintiffs "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The parties only dispute the injury in fact prong of standing, specifically whether Plaintiffs' alleged injury meets the concreteness standard.[1]

Under the informational injury doctrine, "to state a cognizable informational injury a plaintiff must allege that 'they failed to receive . . . required information,' and that the omission led to 'adverse effects' or other 'downstream consequences.'" *Kelly v. RealPage Inc*., 47 F.4th 202, 214 (3d Cir. 2022) (alteration in original) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021)).

Plaintiffs allege that Center Stage Comedy's unlawful pricing scheme prevented them from knowing the total cost of the tickets thereby preventing them from comparing costs, which caused them to suffer monetary harm, namely the imposition of a deceptive fee. *See* Compl. ¶¶ 71, 79, 87, 95, 100, 115, 122, 132-33. Monetary harm is an "adverse"" or "downstream consequence" which satisfies the concreteness requirement for standing. *See Willard v. Tropicana Mfg. Co.*, 577 F. Supp. 3d 814, 825 (N.D. Ill. 2021) ("Plaintiffs have satisfied the standing requirements as to

---

[1] In its reply brief, Center Stage Comedy also argues Plaintiffs' Complaint fails to address causation. *See* Reply Mot. Dismiss 3, ECF No. 19. Ordinarily, new arguments cannot be raised for the first time in reply briefs. *See HAPCO v. City of Philadelphia*, 482 F. Supp. 3d 337, 357 (E.D. Pa. 2020). However, the Court finds the causation argument unpersuasive because Plaintiffs specifically allege the undisclosed service fee prevented them from accurately comparing ticket costs which, "induced" them to pay a higher price than advertised. *See* Compl. ¶¶ 75, 83, 91, 99, 100.

purchased products by alleging that they 'would not have purchased the Products in the absence of Defendant's misrepresentations and omissions or would only have been willing to pay less for the Products then they did.'"); *see also Norman v. Trans Union, LLC*, 669 F. Supp. 3d 351, 373 (E.D. Pa. 2023) (holding "wasted time and expense are concrete harms"); *Hall v. Marriott Int'l, Inc.,* No. 19-1715, 2020 WL 4727069, at *6 (S.D. Cal. Aug. 14, 2020) (finding even though the plaintiff was aware of the total amount prior to payment, the allegations that plaintiff paid unadvertised charges resulting in a higher price than plaintiff would have paid absent the defendant's misrepresentations was a sufficient injury in fact); *DePhillippis v. Living Essentials, LLC*, No. 18-404, 2018 WL 7051065, at *2 (S.D. Cal. Nov. 29, 2018) ("Plaintiff can show Article III standing by alleging she purchased a product she otherwise would not have purchased, or that she spent too much on such a product in reliance on the product labels' representations."). Insofar as Center Stage Comedy's argument rests on the premise that its conduct was neither deceptive nor illegal, that is a question for proof and is not considered in the standing analysis. *See TransUnion*, 594 U.S. at 431-32 (assuming plaintiffs' success on the merits).

**12(b)(6) FAILURE TO STATE A CLAIM**

Center Stage Comedy next argues Plaintiffs have failed to plead several elements of their claims under Pennsylvania's UTPCPL, Missouri's MPA, and Indiana's DCSA. Additionally, they contend Plaintiffs entered into an express contract with Center Stage Comedy when they purchased their tickets, and the existence of an express contract precludes them from bringing an unjust enrichment claim. *See* Mot. to Dismiss 22, ECF No 15. Plaintiffs do not oppose the motion as to the unjust enrichment claims. *See* Resp. Opp'n 18 n.7, ECF No. 16. The Court will grant the motion as to the unjust enrichment claims and the Missouri MPA claim and will deny the motion as to the Pennsylvania UTPCPL and Indiana DCSA claims, which the Court will address in turn.

To plead a claim under Pennsylvania's UTPCPL, plaintiffs must show (1) defendant engaged in "unfair methods of competition" or "unfair or deceptive acts or practices" declared unlawful by the statute; (2) the transaction between plaintiffs and defendant "constituted trade or commerce"; (3) plaintiffs are "purchaser[s] or lessee[s]"; (4) the transaction between plaintiffs and defendant involved "goods or services"; (5) the goods or services were "primarily for personal, family, or household purposes"; and (6) plaintiffs "suffered damages"— that is, an "ascertainable loss"—"arising from the purchase or lease of goods or services." *Chavanne v. Second Look, Inc.*, 594 F. Supp. 3d 662, 669 (E.D. Pa. 2022) (internal quotation marks omitted); *see* 73 Pa. Cons. Stat. §§ 201-1 to 201-10. Center Stage Comedy argues Plaintiffs have not sufficiently alleged the first and sixth element.

Because Plaintiffs allege Center Stage Comedy advertised tickets at a price that was not actually available to consumers, they have adequately pled the first element of their UTPCPL claim. *See* Compl. ¶¶ 70, 73, 86, 88, 113, 114. The statute defines "unfair methods of competition" or "unfair or deceptive acts or practices" to include "advertising goods or services with intent not to sell them as advertised," and "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Cons. Stat. § 201-2(4)(ix), § 201-2(4)(xxi). Because this Court finds it plausible that section (4)(ix) applies, it will not address the parties' arguments regarding whether the reasonable consumer standard applies to section (4)(xxi).

Further, Plaintiffs have satisfied the sixth element by alleging that they relied on Center Stage Comedy's price representation when comparing ticket prices to other forms of available entertainment. *See* Compl. ¶¶ 74, 90. Center Stage Comedy argues Plaintiffs could not have relied on the misrepresentation when purchasing their tickets, because the final price which included the hidden service charge was disclosed to them prior to purchase. *See* Mot. to Dismiss 18, ECF No. 15. However, Plaintiffs do not allege they were unaware of the total price when they purchased

their tickets, but rather that the deceptive practices Center Stage Comedy used prevented them from accurately comparing prices which led them to spend money they otherwise would not have spent. The Court will deny the motion as to Claim One.

To plead a claim under Missouri's MPA, plaintiffs must show they "(1) purchased merchandise from the defendant; (2) for personal, family, or household purposes; (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful" by the statute; (5) they "acted as a reasonable consumer would in light of all circumstances"; (6) the unlawful practice "would cause a reasonable person to enter into the transaction that resulted in damages"; and (7) damages can be established by "sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty." *Jordan v. Coca-Cola Co.*, No. 23-28, 2025 WL 917216, at *2-3 (E.D. Mo. Mar. 26, 2025) (quoting *Hennessey v. Gap, Inc.*, 86 F.4th 823, 827 (8th Cir. 2023)). Center Stage Comedy argues Plaintiffs plausibly alleged elements three, four, five, and six. Specifically, they argue Center Stage Comedy's charging practices would not mislead a reasonable consumer. *See* Mot. to Dismiss, ECF No. 14. Because Plaintiffs have failed to plead a reasonable consumer would believe the advertised price is the final price, inclusive of service charges, the Court will grant the motion as to Count Two but will allow the Plaintiffs leave to amend. *See Harris v. LAZ Parking Ltd., LLC,* No. 3:24-cv-889, 2025 WL 473654, at *11 (D. Conn. Feb. 12, 2025) (finding allegations that an advertised price misled the individual Plaintiff were insufficient to demonstrate a reasonable consumer would be misled); *see also Ellison-Robbins v. Bimbo Bakeries USA, Inc.,* 751 F. Supp. 3d 948, 952 (E.D. Mo. Sept. 27, 2024) (dismissing a complaint that made allegations about consumer behavior but did not support a claim that a reasonable consumer would be misled).

Lastly, to plead a claim under Indiana's DCSA, plaintiffs must show (1) an uncured or incurable deceptive act; (2) detrimental reliance on the deceptive act; and (3) damage as a result

of the deceptive act. *See Shea v. General Motors LLC*, 567 F. Supp. 3d 1101, 1024 (N.D. Ind. 2021); *Crum v. SN Servicing Corp.,* No. 1:19-cv-02045, 2021 WL 3514153, at *2-4 (S.D. Ind. Aug. 10, 2021). Center Stage Comedy argues Plaintiffs have not plausibly alleged the first or second element. This Court has already addressed Center Stage Comedy's argument regarding whether the Plaintiffs sufficiently allege justifiable reliance above when discussing the Pennsylvania UTPCPL and will not repeat such analysis here. All that remains is whether the alleged misrepresentation is an "uncured" or "incurable" deceptive act. An "incurable" deceptive act is "a deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." Ind. Code Ann. § 24-5-0.5-2(8). The Complaint clearly alleges Center Stage Comedy engaged in a "carefully engineered" scheme that exploits consumer psychology to bait consumers into purchasing a ticket at a price that is not actually available to them. Compl. ¶¶ 23, 24, 100, 129. The Court will deny the motion as to Count Three.

**CONCLUSION**

Because Plaintiffs have sufficiently pled factual allegations to plausibly support their claims, the Motion to Dismiss will be denied as to Counts One and Three. Because Plaintiffs have not sufficiently alleged Center Stage Comedy's charging practices would mislead a reasonable consumer, the Motion to Dismiss will be granted as to Count Two, which will be dismissed without prejudice and with leave to amend. Lastly, because the existence of a contract prohibits the Plaintiffs from bringing a claim for unjust enrichment, and the Motion to Dismiss will be granted as to Count Four.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez

Juan R. Sánchez, J.